**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: CV 04-1167 JRT/FLN**

| | |
|---|---|
| Robert and Karla Osborne,<br><br>          Plaintiffs,<br><br>vs.<br><br>Minnesota Recovery Bureau, Inc., Todd Davis, individually, Drew Stafford, individually, and Ford Motor Credit Company,<br><br>          Defendants. | **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 56(c), Plaintiffs bring this motion for partial summary judgment on their claims for liability on two counts, namely, Minnesota's breach of the peace statute, Minn. Stat. § 336.9-690 (which is adopted from Article 9 of the UCC), and the Fair Debt Collection Practices Act (FDCPA), specifically 15 U.S.C. § 1692f(6), against Defendants Minnesota Recovery Bureau, Inc. ("MRB"), and Todd Davis.[1]  Because even the conduct by Davis which is undisputed constitutes trespass as a matter of law, because such trespass constitutes a breach of the peace as a matter of law, and because MRB is liable for Davis's breach of the peace, Plaintiffs' Motion for Partial Summary Judgment against Defendants Davis and MRB on liability

-1-

for breach of the peace should be granted.  Likewise, because persuasive case law from other jurisdictions holds, and the Eight Circuit has suggested, that a breach of the peace in violation of UCC Article 9 suspends a debt collector's present right to possession of the collateral, Plaintiffs' Motion for Partial Summary Judgment against Defendants Davis and MRB on liability under 15 U.S.C. § 1692f(6) should be granted.

## UNDISPUTED FACTS AND PROCEDURAL POSTURE

On June 7, 2003, Plaintiffs and former Defendant Ford Motor Credit Company ("FMCC") entered into a consumer credit contract in which a Ford F-150 truck (hereinafter "the truck") was pledged as the collateral.  (Verified Compl. ¶ 8).  FMCC subsequently hired Defendant Minnesota Recovery Bureau (hereinafter "MRB") to repossess the collateral.  (Verified Compl. ¶ 10; admitted in MRB's Answer ¶ 11.)

Defendant MRB assigned the repossession of the truck to Defendants Todd Davis (hereinafter "Davis") and Drew Stafford (hereinafter "Stafford").  (Verified Compl. ¶ 12; admitted in MRB's Answer ¶ 13).  On October 19, 2003, Defendants Davis and Stafford traveled to Plaintiffs' residence to attempt a self-help repossession of the truck.  (Verified Compl. ¶ 14; admitted in MRB's Answer ¶ 15).  When Davis and Stafford arrived at Plaintiffs' home in Brownsville, Minnesota, it was already after dark.  (See Goolsby Aff. ¶ 2, Ex. A - Davis depo. 84:24-84:25.)  Davis and Stafford knocked on the door, and

---

[1] Plaintiffs have settled their claims against former Defendant Ford Motor Credit Company.  Plaintiff does not move for summary judgment against Defendant Drew Stafford.

when Plaintiff Robert Osborne came to the door, he and Stafford had a conversation: Mr. Osborne at a minimum told Davis to he would have to contact Mr. Osborne's lawyer and provided the lawyer's name and phone number.  (Davis depo. 87:4-87:6; MRB's Answer ¶ 16.)

Davis and Stafford did not want to hear Mr. Osborne tell them to get off his property.  (See Davis depo. 92:4-92:11.)  Davis and Stafford knew that if Mr. Osborne told them to get off his property, their return would be trespassing.  (See Davis depo. 89:24-90:3.)  After Osborne told Davis and Stafford they would have to talk to his lawyer, Davis and Stafford tried to skedaddle before Osborne could expressly ask them to leave.  (See Davis depo. 89:19-89:24, 98:5-98:7; Goolsby Aff. ¶ 3, Ex. B – Stafford depo. 63:4-63:5.)  While it is disputed whether Osborne did explicitly tell them to leave before they actually managed to vacate the property, it is undisputed that Davis and Stafford indicated to Osborne that they would not be coming back to bother him anymore.  (See Davis depo. 90:20-90:25.)  It is also undisputed that *something* prompted Davis and Stafford to vacate Plaintiffs' property in a hurry, without recovering the vehicle they had come all the way from Minneapolis to repossess, nor even determining if the vehicle was on the property.  (See Robert Osborne Aff. ¶ 5.)  It is also undisputed that Davis and Stafford knew that the only way they could go back to Plaintiffs' property was to "sneak back" when Mr. Osborne would not see them.  (Davis depo. 99:11-99:14.)

After driving an unspecified distance down the street, Stafford waited in the car

while Davis walked back towards Plaintiffs' property with the admitted goal of reentering the property and looking in a garage window to possibly locate the truck. (Davis depo. Ex. 8, page 1.) Davis noticed that Mr. Osborne was outside walking his dog and decided not to attempt to reenter the property because Mr. Osborne might see him. (Id., pages 1–2).

Later that evening, Defendants Davis and Stafford returned to Plaintiffs' property. Stafford waited in the car and Davis reentered the property. (Id., page 3). Davis admitted to police that he "was at Mr. Osborne's residence to repossess the vehicle." (Davis depo. Ex. 7, page 2).

Mr. Osborne was in his garage when he saw a light being shined in the window. (Robert Osborne Aff. ¶ 6.) Mr. Osborne believed someone was trying to break in the service door. (See Id.) Mr. Osborne did not recognize the trespasser in the dark and feared that the trespasser was a burglar or assailant about to cause him bodily harm. (See Robert Osborne Aff. ¶ 7.) Mr. Osborne acted in a reflexive response to this fear, and a physical altercation ensued. (See Robert Osborne Aff. ¶ 9.) Defendant Stafford called 911, and two Houston County Sheriff's deputies and two LaCrescent police officers arrived. (See Robert Osborne Aff. ¶ 10.) Plaintiff Karla Osborne witnessed one of the police officers approaching with his gun drawn and was frightened and scared for herself and her children. (See Karla Osborne Aff. ¶¶ 2-3.) Davis admitted at his deposition that he considered what occurred at the Osbornes' home to be a breach of peace. (Davis

depo. 66:16-66:22.)

On October 21, 2003, Defendant Davis called Plaintiff Karla Osborne and threatened to press criminal charges against Robert Osborne unless the truck was released to MRB.  (MRB's Answer ¶ 26; see also Karla Osborne Aff. ¶ 4; Davis depo. 104:11-104:20.)   Representatives of MRB called four more times in repeated attempts to "convince" Plaintiffs to return the truck.  (Verified Compl. ¶ 27; admitted in MRB's Answer ¶ 38.)

The County Attorney charged Defendant Todd Davis with three counts of criminal trespassing for his actions of October 19, 2003 on Plaintiffs' property.  (Davis depo. Ex. 14 - State v. Davis, Court File No. T6-04-176, Complaint-Summons for Misdemeanor or Petty Misdemeanor (Minn. 3rd Dist. Ct., 2004).)  Todd Davis pled guilty to one offense of Petty Misdemeanor of Trespass.  (Davis depo. Ex. 15 - State v. Davis, File No: T6-04-000176, Petition to Enter Plea of Guilty (Minn. 3rd Dist. Ct. Sep. 14, 2004).)

As a result of these events, Plaintiffs filed the current suit alleging the following causes of action: (1) Violation of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C § 1692f(6), (hereinafter "FDCPA")  by MRB, Davis, and Stafford, (2) Violation of Minnesota's Breach of Peace statute, Minn. Stat. § 336.9-609, by all Defendants, (3) Invasion of Privacy by Intrusion upon Seclusion under Minnesota common law by all Defendants, and (4) the tort of Assault under Minnesota common law by Defendants MRB, Davis and Stafford.

## ARGUMENT

### I.   LEGAL STANDARD

Summary judgment shall be granted if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c). "No genuine dispute" is interpreted to mean that no reasonable jury could return a verdict in favor of the non-moving party.  More than a scintilla of evidence is needed to defeat a summary judgment motion.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986). The court will test for a "genuine issue" by applying the controlling legal standard (the proof necessary to support liability under the claims raised).  Id. at 248 (1986).

### II.   PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE BREACH OF PEACE CLAIM SHOULD BE GRANTED BECAUSE THERE IS NO GENUINE DISPUTE THAT DEFENDANTS VIOLATED MINNESOTA'S BREACH OF PEACE STATUTE.

#### A.   There is no genuine dispute that Davis breached the peace.

Uniform Commercial Code (UCC) Article 9, which Minnesota has adopted, provides that repossession agents may not commit a breach of the peace when effecting a repossession without judicial process.    Minn. Stat. § 336.9–609; Nichols v. Metropolitan Bank, 435 N.W.2d 637, 640 (Minn. Ct. App. 1989).  No violence or threat of violence need occur for a breach of the peace to be found.  Bloomquist v. First Nat'l Bank of Elk River, 378 N.W.2d 81, 86 (Minn. Ct. App. 1986).

This Court, applying Minnesota law, has held, "Any underlying offense, such as

trespass, could suffice to constitute breach of the peace." <u>Akerlund v. TCF Nat'l Bank of Minnesota</u>, No. 99-1537, slip op. at 6 (D. Minn. 2001) (Goolsby Aff. ¶ 4, Ex. C.) (citing <u>Clarin v. Norwest Bank Minnesota</u>, No. 97-2003, slip op. at 12; <u>see also</u> <u>Wallace v. Chrysler Credit Corp.</u>, 743 F. Supp. 1228, 1231 (W.D.Va. 1990)).  Thus, there can be a breach of the peace "by operation of law" even without any "actual breach of the peace." <u>James v. Ford Motor Credit Co.</u>, 842 F. Supp. 1202, 1208 (D. Minn. 1994).  In <u>James</u>, Judge Doty explained:

> It is reasonably clear that Minnesota follows the majority view of U.C.C. §
> 9-503: when debtors specifically object to repossession, they revoke any
> implied right previously granted to the creditors to enter the debtor's
> property without consent. Entering the debtor's property after consent is
> revoked constitutes a breach of the peace. <u>Bloomquist</u>, 378 N.W.2d at 85.
> <u>See</u> White & Summers, 2 Uniform Commercial Code (3d ed. 1988) 576.
> The basis for favoring debtors over creditors in these circumstances appears
> to be "the law's historical . . . aversion to trespass."  <u>Id.</u> at 578.

<u>Id.</u>  The <u>James</u> court found no breach of the peace only because the repossession had not been from the debtors' property, but rather from a public parking lot.  <u>Id.</u> at 1208-09, <u>dismissal aff'd solely on statute of limitations grounds</u>, 47 F.3d 961 (8th Cir. 1995).

In another case in this District, the court held against MRB that a plaintiff may revoke the right to self-help repossession even in the absence of the specific utterance of instructions to leave the property, and that MRB thus breached the peace when it subsequently repossessed the vehicle.  <u>See</u> <u>Foxworth v. General Motors Acceptance Corp. and Minnesota Recovery Bureau</u>, File No. 4-96-1117, slip op. at 12 (D. Minn. 1997) (Goolsby Aff. ¶ 8, Ex. G.)  The court explained:

> Plaintiff alleges that he informed GMAC, through his bankruptcy lawyer's office, that his vehicle was not to be repossessed and that, when he received a telephone call at 1:00 a.m. from someone to talk about his car and the overdue payments, he referred the caller to his bankruptcy attorney, Curtis Walker.  If proven at trial, these facts would show that Plaintiff revoked GMAC's right to self-help repossession and that a breach of the peace occurred when MRB repossessed the vehicle.

Id.

Here, Plaintiff is entitled to summary judgment, and a trial is not necessary on Davis's liability for a breach of the peace, because, first, the undisputed actions of Davis constitute trespassing as a matter of law, which establishes a breach of peace by operation of law, irrespective of the physical altercation and police involvement.  Cf. James 842 F. Supp. at 1208 (holding, "Whether [defendants] violated the statute through a breach of the peace involving actual violence or the threat of violence is a separate question" from whether defendants breached the peace by operation of law).

Defendants lost their right to self-help repossession on Plaintiffs' property when this right was revoked by Mr. Osborne.  See:  James v. Ford Motor Credit Co., 842 F. Supp. 1202, 1208 (D. Minn. 1994) (A debtor may specifically object to repossession and thereby revoke any implied right of the creditor to enter the debtor's property without permission.)  The parties agree that Davis and Mr. Osborne had a conversation at the Osborne residence, and that Davis inquired about the truck.  (MRB's Answer ¶¶ 15, 16).  Defendants dispute that Mr. Osborne told Todd Davis to leave and get off the property and assert that Mr. Osborne only told him to call his lawyer, etc. (Goolsby Aff.  ¶ 5, Ex.

D - Defendants MRB, et al's Response to First Set of Interrogatories, Answer No. 16.)

This is not a genuine dispute relevant to the underlying legal issue of whether Mr. Osborne revoked the legal right to self-help possess on Plaintiffs' property.  In the initial confrontation, Davis was attempting to manipulate the conversation to prevent Mr. Osborne from uttering the specific words, "Get off my Property."  (Davis depo. Ex. 8, page 1 ("We excused ourselves carefully so as to avoid being asked to leave.").)  Even viewing the evidence in the light most favorable to Davis, when he sensed that Mr. Osborne was about to say, "Get off my property," Davis left before Mr. Osborne could get the opportunity to do so.  (Id., page 1).  Mr. Osborne was an unsophisticated consumer unversed in any specific "magic words" Defendants may have considered legally necessary before they would relent and not return.  But regardless of whether Mr. Osborne's precise words in response to Defendants' queries about the vehicle were, "Get off my property" or, "You have to call my attorney," a reasonable jury could only conclude that he effectively and unmistakably revoked Defendants' right to proceed with self-help repossession from the Osbornes' property.  In other words, as a matter of law, Davis and Stafford were on constructive notice to get off Plaintiffs' property.

Plaintiffs urge this court to hold as a matter of law that: when a consumer is queried on his own property about collateral that a debt collector has arrived to collect and the consumer responds by telling the debt collector to contact the consumer's lawyer, that this constitutes an effective revocation of the collector's legal right to self-help

repossession on the consumer's property.  Accordingly, any subsequent steps to repossess the vehicle from the consumer's property would be a breach of the peace.

The conclusion that Davis breached the peace by acts constituting trespass is unassailable for the additional reason that Davis pled guilty to the offense of Petty Misdemeanor of Trespass for his actions of October 19, 2003 on Plaintiffs' property.[2] (Davis depo. Ex. 15.)  By submitting an Alford plea, Davis admitted that there was evidence to support a jury conclusion that he trespassed.  See State v. Goulette, 258 N.W.2d 758, 761 (Minn. 1977) (adopting North Carolina v. Alford, 400 U.S. 25 (1970)). In fact, considering the entirety of the evidence as discussed above, a reasonable jury could not conclude otherwise.

In the alternative, even if Davis had not per se breached the peace by virtue of trespassing, the undisputed evidence shows nonetheless that he proceeded in the face of a breach of the peace.  The Eighth Circuit has examined the following five factors in

---

[2]  Some courts have stated that "guilty pleas are conclusive against defendant in subsequent civil suit as to all facts necessarily 'decided' as predicate for criminal conviction."  Webb v. I.R.S., 15 F.3d 203, 207, n.6 (1st Cir. 1994) (citing 1B James W. Moore et al., Moore's Federal Practice ¶ 0.418[1], at 557 (2d ed. 1990); Fontneau v. United States, 654 F.2d 8, 10 (1st Cir. 1981)); see also United States v. King, 618 F.2d 550, 552-53 (9th Cir. 1980) (stating that a guilty plea to a charge of filing a false and fraudulent tax return would estop a defendant from denying in a civil action that his return was false and fraudulent); Minn. R. Crim. P. 15.04, subd. 3(2)(b) (providing that one of the factors to be considered by a court when deciding whether to accept a guilty plea is whether "the defendant has acknowledged guilt"); but see Glens Falls Ins. Corp. v. Hoium, 200 N.W.2d 189 (Minn. 1972) (holding that while a guilty plea is admissible in a subsequent civil action against the defendant, it is not alone conclusive).  At any rate, in the present summary judgment motion, Plaintiffs do not rely on Davis's guilty plea alone.

determining whether there has been a breach of the peace:

> (1) where the repossession took place, (2) the debtor's express or constructive consent, (3) the reactions of third parties, (4) the type of premises entered, and (5) the creditor's use of deception.

Clarin v. Minnesota Repossessors, Inc., 198 F.3d 661, 664 (8th Cir. 1999).

In this case, all the Clarin factors indicate that there was a breach of the peace. The vehicle Davis attempted to repossess was in Plaintiffs' private garage, and Davis entered Plaintiffs' private property and, at a minimum, looked in the garage as part of his repossession efforts. While it is disputed whether Mr. Osborne had expressly instructed Davis to leave the property, Plaintiffs certainly did not expressly consent to the repossession from their private property – nor imply consent by their actions. The third parties in this case were police, who came brandishing guns, and Plaintiffs' neighbors, whose curiosity was aroused by the ruckus. Finally, Davis and Stafford deceived Mr. Osborne into thinking that they were not coming back, and only came back by sneaking around in the dark. Moreover, Davis admitted at his deposition that he considered what occurred at the Osbornes' home to be a breach of peace. (Davis depo. 66:16-66:22.)

Hence, Davis's actions to take possession of the secured property resulted in a breach of peace – either by virtue of trespassing or under the Clarin factors – thereby violating Minn. Stat. § 336.9-609(b). Accordingly, Davis should be held liable as a matter of law pursuant to Minn. Stat. § 336.9-625.

**B.  MRB is liable to the same extent as Davis.**

This court has held specifically against MRB that a repossession company is liable to the same extent as the secured party.  Akerlund v. TCF et al., Civ. No. 99-1537, slip op. at 8 (D. Minn. 2001) ("MRB was operating on behalf of a secured party . . . and thus is governed by the standards of conduct set forth in Minn. Stat. § 336.9-503 [the predecessor to § 336.9-609].") (following Oehrlein v. Western Finding, Inc. et al., Civ. No. 97-2726, slip op. (D. Minn. 1999)).

A secured party, in turn, is subject to strictly liability:  under Minnesota law, a secured party's duty to effect repossession without breach of the peace is a "nondelegable duty," the violation of which renders the secured party liable for the debtor's damages. Nichols v. Metropolitan Bank, 435 N.W.2d 637, 641 (Minn. Ct. App. 1989).  The secured party must ensure that there is no risk of harm to the debtor and others.  See Id. at 640. Therefore, secured parties are held strictly liable for their failures to prevent independent contractors from injuring or creating a risk of injury to debtors through acts of self-help repossession.   The Nichols court explained, "Our construction of § 336.9-503 [the predecessor to § 336.9-609] is strict, in part because self-help repossession is a harsh remedy and in part because strict application of the law is necessary to prevent abuse and to discourage illegal conduct."  Nichols, 435 N.W.2d at 641 (quoting Steichen v. First Bank Grand, 372 N.W.2d 768, 773 (Minn. Ct. App. 1985); also citing Bloomquist v. First National Bank of Elk River, 378 N.W.2d 81, 84 (Minn. Ct. App. 1985)).

Hence, because the secured party (in this case FMCC) is strictly liable, and because a repossession company (i.e., MRB) is liable to the same extent as the secured party, MRB is strictly liable for Davis's and Stafford's actions, regardless of whether Davis and Stafford were independent contractors or MRB employees.   Accordingly, summary judgment should be granted on Plaintiffs' breach-of-the-peace claim against MRB as well as Davis.

III.   **PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE FDCPA CLAIM SHOULD BE GRANTED BECAUSE THERE IS NO GENUINE DISPUTE THAT DEFENDANTS CONTINUED TO ATTEMPT SELF-HELP REPOSSESSION AFTER PLAINTIFFS REVOKED DEFENDANTS' LEGAL RIGHT TO DO SO.**

   A.   **As a matter of Law, the FDCPA extends to the actions of Defendants MRB and Davis.**

The particular FDCPA provision at issue expressly applies to repossession agents: any suggestion that Defendants are not debt collectors for purposes of this action fails because 15 U.S.C. § 1692f(6) "explicitly extend[s] to repossession companies when they act in the enforcement of security interests of others."  James v. Ford Motor Credit Co., 842 F. Supp. 1202, 1207 (D. Minn. 1994).

Defendants admit that MRB was hired by FMCC to enforce FMCC's security interest in the Ford F-150 through self-help possession.   (MRB's Answer, ¶ 11). Therefore, as a matter of law, the FDCPA extends to Defendant MRB's actions.

Defendants also admit that this task of enforcing FMCC's security interest (by repossessing the Ford F-150) was assigned to Defendants Todd Davis and Drew Stafford.

-13-

(MRB's Answer, ¶ 13).  Therefore, as a matter of law, the FDCPA extends to Defendants Davis and Stafford.  By their own admissions, these Defendants cannot genuinely dispute that they fall squarely within the FDCPA's scope.

**B. Because Defendants could not proceed without breaching the peace, their present right of possession was suspended, and their continuing attempts to repossess from Plaintiffs' property violated the FDCPA as a matter of law.**

The FDCPA prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest."  15 U.S.C. § 1692f(6)(A).  The FDCPA is a "remedial, strict liability statute which was intended to be applied in a liberal manner."  <u>Picht v. Hawks</u>, 77 F. Supp. 2d 1041, 1043 (D. Minn. 1999), <u>aff'd</u>, 236 F.3d 446 (8th Cir. 2001).

It is a long-established and intuitive rule of statutory construction that "effect is to be given, if possible, to every word, clause, and sentence."  <u>Pillsbury Flour Mills Co. v. Great Northern Ry. Co.</u>, 25 F.2d 66, 69 (8th Cir. 1928).  Thus, according to the plain language of the FDCPA, even when there is an underlying right to take possession of the collateral, such right may not be effected through self-help repossession if it is not a "present" right.  § 1692f(6)(A).  As noted above, under Minnesota law a secured party only has an immediate right to repossession of collateral when it proceeds with judicial process or can proceed without any breach of the peace.  Minn. Stat. § 336.9-609.  Thus, a repossession agent who cannot presently proceed with self-help repossession without

breaching the peace does not have a "*present* right to possession."

In Purkett v. Key Bank USA, Case No. 01 C 162 (N.D. Ill. 2001) (Goolsby Aff. ¶ 6, Ex. E), the court held, "[I]n order to state a claim [under § 1692f(6)(A)], Purkett must allege that TWAS was enforcing a security interest and did not have a present right to possess the collateral, *which in this case means that Purkett must allege that TWAS breached the peace when it repossessed his car*." Id., slip op. at 5 (emphasis added). The court explained:

> [T]he issue is whether TWAS . . . had a present right to the car.  Courts look to Article 9 of the UCC to determine this issue.  Section 9-503 of the UCC, the self-help repossession statute, extends a *conditional* self-help privilege to secured parties *if it can be done without a breach of the peace.*

Id. at 4 (emphasis added).  The court concluded that the plaintiff had alleged a breach of the peace and had therefore stated a claim under § 1692f(6).  See Id. at 6.

Similarly, in Clark v. Auto Recovery Bureau Conn., Inc., 889 F. Supp. 543 (D. Conn. 1994), the court held that a repossessor complies with § 1692f(6)(A) only if it accomplishes the repossession without a breach of the peace.  See Id. at 546-47.  More specifically, the court held that under Connecticut law, "By orally protesting the repossession, a debtor can undermine the creditor's right to repossess collateral."  Id. at 546.  The court concluded that the defendant had exercised a present right to possession, and had therefore complied with § 1692f(6), only because it had "avoided a confrontation with the debtor and thus a breach of peace."  Id. at 547.

Even the Eighth Circuit has implied that a repossessor's breach of the peace

during a self-help repossession would constitute a violation of § 1692f(6)(A).  In affirming the trial court's grant of summary judgment for the defendant on the plaintiff's FDCPA claim, the Eight Circuit, citing <u>Clark Auto Recovery Bureau Conn., Inc.</u> approvingly, explained,

> Because we find no breach of the peace under the Minnesota UCC, the Clarins's Fair Debt Collection Practices Act claim fails as well.  The Fair Debt Collection Practices Act requires a wrongful possession for a claim to be maintained.  <u>See</u> 15 U.S.C. § 1692f(6).  Minnesota Repossessors had a present right of possession of the car under the Act.

<u>Clarin v. Minnesota Repossessors, Inc.</u>, 198 F.3d 661, 665 (8th Cir. 1999) (citing <u>Clark</u>, 889 F. Supp. at 547; Barkley Clark, <u>The Law of Secured Transactions under the Uniform Commercial Code</u> ¶ 4.05[2][b] (Rev. ed. Supp. 1997)).  Likewise, this court's decision in <u>James</u> that there had been no violation of § 1692f(6) turned on the analysis that there had been no breach of the peace. <u>See</u> <u>James</u>, 842 F. Supp. 1206-09.  Accordingly, by negative inference, a breach of the peace would negate the repossessors' present right of possession and thus constitute a violation of § 1692f(6).

This reading of § 1692f(6) is consistent with the overall purpose of the FDCPA. The Fair Debt Collection Practices Act, as its title makes clear, is concerned with the *means* of collection, regardless of whether the debt collector has a substantive right to the funds or collateral that are being collected.  The purpose of the Act is not to relieve debtors of their obligations or impede debt collection by legitimate means, but "to eliminate abusive debt collection practices by debt collectors, to insure that those debt

collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to . . . protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

Accordingly, to prevail on an FDCPA claim, an alleged debtor generally need not prove that the alleged creditor or its debt collector have no right to the funds or the collateral, but need only prove that the debt collector has engaged in unfair practices in connection with collecting or attempting to collect the debt. See, e.g., Clark v. Retrieval Masters Creditors Bureau, Inc., 185 F.R.D. 247 (N.D. Ill. 1999) (explaining that whether the consumer actually owed the alleged debt is irrelevant to an FDCPA claim). Section 1692f expressly provides that the clauses therein, which include the clause at issue in this case, are intended to prohibit "unfair or unconscionable *means* to collect or attempt to collect any debt."

In light of the foregoing express overall purpose of the FDCPA and the plain language of § 1692f(6), the two unpublished district of Minnesota cases, Oehrlein and Jenkins v. Western Funding, Inc., et al., Civ. No. 97-2726 (D. Minn. 1999) (Goolsby Aff. ¶ 7, Ex. F) and Akerlund v. TCF National Bank, et al., Civ. No. 99-1537 (D. Minn. 2001) (Goolsby Aff. ¶ 4, Ex. C), to have held that it is not a violation of § 1692f(A)(6) for a debt collector to continue to attempt self-help repossession in the face of a breach of the peace are unpersuasive. In Oehrlein, the Court held, "[A] breach of peace may limit the manner in which repossession may be effected but it does not abrogate the right to

-17-

present possession." <u>Oehrlein</u>, Civ. No. 97-2726, slip op. at 7.  However, as explained above, the entire purpose of the FDCPA and § 1692f in particular is to *limit the manner* in which debt collectors may take possession of funds or collateral – it has never been the purpose of the FDCPA to abrogate the debt collector's right to the funds or the collateral. <u>See</u> 15 U.S.C. § 1692(c) (endorsing "available non-abusive collection methods").  Accordingly, in the scheme of the FDCPA, it is of no consequence that the debt collector may retain an ultimate right to recover the collateral in some manner:  if the manner of recovery actually employed is unfair or abusive, it is the type of conduct the FDCPA was intended to address.

It would therefore fly in the face of the purpose of the FDCPA to hold that as long as there is a valid and enforceable security interest, any breach of the peace is acceptable under the Act.  Certainly, if anything constitutes an "unfair or unconscionable means to collect or attempt to collect any debt" under § 1692f, a breach of the peace should. <u>Akerlund</u>, which followed <u>Oehrlein</u>, is similarly unpersuasive in this regard.

<u>Oehrlein</u> and <u>Akerlund</u> failed to attach any significance to the word "present" in the FDCPA's prohibition against self-help repossession when "there is no present right to possession of the property claimed as collateral."  § 1692f(6)(A).  <u>Oehrlein</u> and <u>Akerlund</u> are at odds with the holdings of cases from other jurisdictions and the implication of the Eighth Circuit that a breach of the peace, which violates the UCC self-help repossession statute, *does* constitute a violation of § 1692f(6)(A).

In this case, as in <u>Clark v. Auto Recovery Bureau Conn., Inc.</u>, while it is undisputed that Plaintiffs had defaulted and that Defendants had, on behalf of Ford Motor Credit Company, a valid and enforceable security interest in the truck, and thus an underlying right to repossess the vehicle in a non-abusive manner, Defendants had no *present* right to self-help repossession of the vehicle as long as such repossession would entail a breach of the peace.   Because the collateral was on Plaintiffs' property and Plaintiff had either expressly or constructively revoked Defendants' right to enter the property, the self-help repossession could not be accomplished without a breach of the peace.[3]   Defendants were required to wait either until they could, as in the <u>James</u> case, repossess the truck from somewhere outside of Plaintiffs' property or until they could proceed pursuant to judicial process.   Only then would they have a "*present* right to possession."   Only by enforcing such a rule can the FDCPA's general prohibition against "unfair and unconscionable means" to collect a debt be given effect.

Accordingly, this Court should grant Plaintiff's motion for partial summary

---

[3] Plaintiffs anticipate that Defendants may argue that Davis and Stafford were not attempting to repossess the truck, but were only looking for it.  However, Todd Davis told the Deputies that he was on the property to attempt repossession of the truck.  (Davis depo. Ex. 7, page 2).  Furthermore, Defendants have admitted that Davis and Stafford drove to the Osborne residence to attempt repossession.  (MRB's Answer ¶ 17).  Even if the court accepts Defendant Davis' patently incredible statement that he was just looking for the truck, Davis nevertheless admits that this information would be used for the purpose of returning to the property to effect self-help repossession.  (Davis depo. Ex. 8, page 3-4).  Thus, even if Davis and Stafford were not at that moment expecting to take the vehicle with them, their actions were indisputably part of a larger effort to repossess the vehicle.

judgment on liability with respect to Plaintiffs' FDCPA claims against MRB and Davis.

## CONCLUSION

Davis breached the peace as a matter of law either by virtue of trespassing or under the Clarin factors.  MRB is liable to the same extent as Davis.

Pursuant to Minn. Stat. § 336.9-609, Defendants lost their present right to self-help repossession by causing a breach of peace.  Moreover, this breach of peace was caused by an attempt to effect self-help repossession, thereby violating 15 U.S.C. § 1692f(6)(A).

Considering their admissions and statements, Defendants cannot genuinely dispute that they violated the FDCPA by attempting to self-help repossess without the legal right to do so and therefore violated the FDCPA, 15 U.S.C. § 1692(f)(6)(A).  Hence, Plaintiffs' Motion for Partial Summary Judgment on their breach of peace and FDCPA claims against Davis and MRB should be granted.

Dated this 31st day of Aug., 2005.   **CONSUMER JUSTICE CENTER, P.A.**

By:    s/John H. Goolsby
Thomas J. Lyons, Jr.
Attorney I.D. #:  0249646
John H. Goolsby
Attorney I.D. # 0320201
342 East County Road D
Little Canada, Minnesota  55117
Telephone:  (651) 770-9707

THOMAS LYONS & ASSOCIATES, P.A.
Thomas J. Lyons, Esq.
Attorney I.D. #:  65699

342 East County Road D
Little Canada, Minnesota  55117
Telephone:  (651) 770-9707

Attorneys for Plaintiffs