UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert and Karla Osborne,                    Civil No. 04-1167 (JRT/FLN)

        Plaintiffs,

        v.                                   **REPORT AND RECOMMENDATION**

Minnesota Recovery Bureau, Inc.,
Todd Davis, individually, Drew
Stafford, individually, and
Ford Motor Credit Company,

        Defendants.

_____

John Goolsby, for Plaintiffs.
Charles Noel, for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on January 9, 2006, on Plaintiffs' motion for partial summary judgment [#35] and on Defendants' motion for summary judgment [#56].   The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons that follow, this Court recommends Plaintiffs' motion be denied, and Defendants' motion be granted in part.

## I.  BACKGROUND

Plaintiffs Karla and Robert Osborne obtained financing from Defendant Ford Motor Credit Company ("FMCC") for a 2003 Ford Truck on June 7, 2003.  The loan of $40,258.50 was secured by a lien on the vehicle, with payments due beginning on July 22, 2003.  Plaintiffs failed to make payment on the loan, and FMCC sent a Notice of Default and Intent to Repossess the truck on August 28, 2003.  After Plaintiffs failed to cure the default, FMCC hired Defendant Minnesota

Recovery Bureau ("MRB") to enforce it's security interest in the truck through self-help repossession. MRB assigned the repossession to Defendants Todd Davis and Drew Stafford.

On October 19, 2003, Davis and Stafford went to Plaintiffs' residence to attempt a self-help repossession of the truck. They arrived after dark and spoke to Robert Osborne, who told them to contact his lawyer, and provided his lawyer's name and phone number. The parties dispute whether Osborne expressly told them to leave the property. Davis and Stafford left and went to a nearby restaurant where they thought Robert Osborne worked. They then returned to Plaintiffs' property.

Upon their return, Stafford stayed in their automobile, and Davis approached Plaintiffs' garage.[1] Osborne was in his garage when he saw a light shine in the window. Davis shone his flashlight into the garage window and saw Osborne's face. Osborne, believing a trespasser or burglar was entering his home, opened the door, and a physical altercation ensued. Stafford called 911 and two Houston County Sheriff's deputies and two LaCrescent police officers arrived.

According to Plaintiffs, Davis called Karla Osborne on October 21, 2003, and threatened to press criminal charges against Robert Osborne unless they released the truck to MRB. They claim that MRB representatives called them four more times to "convince" them to return the truck.

The County Attorney charged Defendant Davis with three counts of criminal trespassing for his actions on October 19, 2003, on Plaintiffs' property. Davis pled guilty, in an <u>Alford</u> plea, to one count of petty misdemeanor of trespass.

Plaintiffs filed the instant suit on March 11, 2004, alleging the following causes of action: 1) violation of the Fair Debt Collection Practice Act; 2) violation of Minnesota's UCC; 3) invasion

---

[1]

The parties dispute Davis' and Stafford's intentions upon returning to the property, i.e., whether Davis and Stafford returned to repossess the truck or whether they returned to locate the truck.

of privacy by intrusion upon seclusion under Minnesota common law; and 4) assault.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

The Supreme Court has held that summary judgment is to be used as a tool to isolate and dispose of claims or defenses that are either factually unsupported or based on undisputed facts.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323-27 (1986).  Therefore, summary judgment is appropriate when the moving party establishes that there is no genuine issue as to any material fact and  the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 322-23.  For these purposes, a disputed fact is "material" if it must inevitably be resolved and the resolution will determine the outcome of the case; while a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, a court should construe all evidence in favor of the non-moving party.  Id. at 255.  Thus, summary judgment is appropriate when the court has viewed the facts and the inferences drawn from those facts, in a light most favorable to the non-moving party, and found no triable issue.  See Southwall Technologies, Inc. v. Cardinal IG Co., 54 F.3d 1570, 1575 (Fed. Cir. 1995).

### B.  Defendants Davis and Stafford Should Be Dismissed for Insufficient Service of Process

Defendants move to dismiss all counts against Defendants Davis and Stafford because they have never been served.  See Def. Mem. p. 9.  Properly effected service of process is a fundamental element to any lawsuit.  Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999).  Defects in service of process are jurisdictional in nature.  If a defendant is improperly

served, a federal court lacks jurisdiction over the defendant.  <u>Printed Media Services, Inc. v. Solna Web, Inc.</u>, 11 F.3d 838, 843 (8th Cir. 1993) (citations omitted); <u>Lewis v. Contracting Northwest, Inc.</u>, 413 N.W.2d 154, 157 (Minn. App. 1987).  Plaintiffs concede that proper service of the summons and complaint was not effected on Davis and Stafford.  <u>See</u> Pl. Mem. in Opp. p. 2 n. 1.  Accordingly, all claims alleged against Davis and Stafford individually should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(5), for Plaintiffs' failure to comply with Federal Rule of Civil Procedure 4.

### C.    Plaintiffs' Claims Under the Minnesota UCC Should Proceed to Trial

Plaintiffs allege that Defendants violated Minnesota Statute section 336.9-609.   Under Chapter 9 of the Minnesota UCC, a secured creditor may utilize self-help repossession upon default if it can be done "without breach of the peace."  Minn.Stat. §§ 336.9-503; 336.9-609; <u>Nichols v. Metropolitan Bank</u>, 435 N.W.2d 637, 640 (Minn. App. 1989).  Plaintiffs allege that Defendants violated section 336.9-609 because they trespassed and thus breached the peace during their attempted repossession of the truck.  They argue Defendants lost their right to self-help repossession when Plaintiffs revoked their right to enter their property, and that Davis' and Stafford's reentry constituted a breach of the peace in violation of the Minnesota UCC.   Defendants argue that Plaintiffs' claim under the UCC should be dismissed because Chapter 9 of the Minnesota UCC applies only to "secured parties," and not to repossession companies, and because Plaintiffs suffered no compensable damages for any alleged violation of the UCC.  <u>See</u> Def. Mem. pp. 28-31.[2]

### 1.    MRB Is Liable Under Minnesota Statute Section 336.9

MRB argues that it cannot be held liable under section 336.9 because the language of section

---

[2]

Defendants do not concede that a breach of the peace occurred.  Def. Rep. Mem. p. 1.

336.9 refers only to the actions of "secured creditors," which MRB is not.  This Court, however, has previously rejected MRB's argument that as a repossession company, it is immune from liability under section 336.9.  <u>See</u> <u>Oehrlein v. Western Funding, Inc., et al</u>, No. 97-2726, slip op. (D. Minn. Jan. 26, 1999) (holding repossession company to the standards of conduct set forth in section 336.9).  In <u>Akerlund v. TCF Nat'l Bank of Minnesota</u>, No. 99-1537, slip op. at 6 (D. Minn. June 11, 2001), the Court, citing <u>Oehrlein</u>, found that as an independent contractor, MRB was operating on behalf of a secured party, and was thus governed by the standards of conduct set forth in section 336.9.  Accordingly, the Court finds that MRB, acting as an independent contractor on behalf of secured creditor FMCC, is governed by section 336.9-609.  In this instance, MRB, a repossession agency, is liable under section 336.9.

> **2.     Plaintiffs Have Alleged Damages as a Result of Defendants' Alleged Violation of Section 336.9**

Defendants argue that Plaintiffs' UCC claim fails because Plaintiffs have not suffered compensable damages as a result of any alleged violation of the UCC.  Minnesota Statute section 336.9-625(b) provides that "a person is liable for damages in the amount of any loss caused by a failure to comply with this article."  Because the statute allows Plaintiffs to recover for "any loss" caused by a violation of the statute, by its plain language, the statute allows Plaintiffs to recover for emotional damages.  Plaintiffs have pled emotional distress damages as a result of the alleged violation of section 336.9-609, and have therefore stated a cause of action under section 336.9.  Whether they will be able to prove these damages, or for that matter, whether Defendants in fact violated section 336.9 by committing a breach of the peace, should be determined at trial.  Defendants' motion for summary judgment on Plaintiffs' UCC claim should be denied.

> **3.     Plaintiffs Are Not Entitled to Summary Judgment on Their UCC Claim**

Plaintiffs argue they are entitled to summary judgment on their claim under the Minnesota UCC, section 336.9-609, which implicitly prohibits repossession agents from committing a breach of the peace when effecting a repossession without judicial process.  Citing Akerlund, Civ. No. 99-1537, at 6, they argue that any underlying offense, such as trespass, constitutes a breach of the peace. Citing James v. Ford Motor Credit Co., 842 F. Supp. 1202, 1208 (D. Minn. 1994), they argue that entering a debtor's property after consent is revoked constitutes a breach of the peace.  Plaintiffs claim they are entitled to summary judgment because Davis' trespass on their property constitutes a breach of peace by operation of law.  See Pl. Mem. p. 8.

The Court finds that material facts remain in dispute and preclude the granting of summary judgment on this claim.  Defendants argue that Plaintiffs never asked them to leave the property. Whether Davis' and Stafford's actions on October 19 constituted trespass remains a question to be determined at trial.

Plaintiffs alternatively argue that Defendants' actions constitute a breach of the peace under the factors annunciated in Clarin v. Minnesota Repossessors, Inc., 198 F.3d 661, 664 (8th Cir. 1999). In Clarin, the Eighth Circuit analyzed five factors to determine whether a breach of the peace occurred during a repossession: 1) where the repossession took place; 2) the debtor's express or constructive consent; 3) the reactions of third parties; 4) the type of premises entered; and 5) the creditor's use of deception.  Plaintiffs have not proven that Defendants breached the peace under Clarin as a matter of law.  They have not provided evidence of third-party reactions or Defendants' use of deception.  Questions of fact remain whether Defendants' actions on October 19 constituted a trespass or a breach of the peace under Clarin.  Plaintiffs' motion for summary judgment under the Minnesota UCC should be denied.

### D.      Plaintiffs' Claim Under the FDCPA Should be Dismissed

Plaintiffs allege that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C.

§ 1692f(6) ("FDCPA") when they breached the peace during the attempted repossession.  See Pl.

Mem. pp. 13-19.  Defendants move to dismiss Plaintiff's FDCPA claim, arguing that 1) a breach of

the peace during a self-help repossession does not constitute a violation of the FDCPA; 2) no

violation occurred because Defendants did not repossess the vehicle; and 3) because Plaintiffs

sustained no recoverable damages under the Act.  See Def. Mem. p. 10-16.  The Court finds that

Plaintiff has failed to state a claim for violation of the FDCPA.

Section 1692f(6) provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt
> to collect any debt. Without limiting the general application of the foregoing, the
> following conduct is a violation of this section: . . .(6) Taking or threatening to take
> any nonjudicial action to effect dispossession or disablement of property if – (A)
> there is no present right to possession of the property claimed as collateral through
> an enforceable security interest; (B) there is no present intention to take possession
> of the property; or (C) the property is exempt by law from such dispossession or
> disablement.

Plaintiffs allege that Defendants' breached the peace during the attempted repossession of

the truck, that the breach of the peace suspended MRB's present right to possession of the truck, and

therefore Defendants' violated the FDCPA.  This Court has held, however, that a breach of the peace

does not necessarily suspend a repossession company's present right to possession.  See Akerlund,

Civ. No. 99-1537 (D. Minn. 2001); Oehrlein, Civ. No. 9726 (D. Minn. 1999).

In Akerlund, the Court held the defendants' repossession of plaintiffs' truck on United States

Postal Service property violated a Postal Service regulation, and therefore constituted a breach of

the peace in violation of Minnesota Statute section 336.9-503.  The plaintiffs argued that once

Defendants breached the peace, they lost their present right to repossession and therefore their

subsequent repossession violated the FDCPA.  See Akerlund at *6.  The Court rejected plaintiffs'

argument, expressly "declin[ing] to apply the breach of peace doctrine so broadly."  The Court

reasoned that the creditor had a valid and enforceable security interest in the truck; that plaintiffs

were undisputedly in default on the loan; and that the repossession agents had the present right to

possession until the moment they set foot on Postal Service property.  The Court concluded that

defendants did not lose the present right to possession because they violated a Postal Service

regulation, and that they therefore did not violate the FDCPA.  Id. at *6, citing James v. Ford Motor

Credit Co., 842 F.Supp. 1202, 1209 (D. Minn. 1994); Oehrlein, slip op. 97-2726 at *7 ("a breach

of the peace may limit the manner in which repossession may be effected, but does not abrogate the

right to present possession").

        The Court finds the facts of Akerlund indistinguishable from the instant facts.  Here, as in

Akerlund, FMCC had a valid and enforceable security interest in the truck; Plaintiffs were

undisputedly in default on the loan; and Davis and Stafford had the present right to possession until

the moment they reentered Plaintiffs' property.  Per Akerlund and James, Defendants' alleged

breach of the peace did not deprive them of their present right to possession.  Therefore, Plaintiffs

have failed to state a claim under the FDCPA, and this claim should be dismissed.

### E.       Plaintiffs Have Properly Pled a Claim for Invasion of Privacy

        Defendants argue they are entitled to summary judgment on Plaintiffs' claim of invasion of

privacy by intrusion upon seclusion because they cannot satisfy the elements of the claim as a matter

of law.  See Def. Mem. pp. 16-20.  In Minnesota, intrusion upon seclusion requires a demonstration

of three elements: (1) an intrusion; (2) that is highly offensive to a reasonable person; (3) into some

matter into which a person has a legitimate expectation of privacy.  Phillips v. Grendahl, 312 F.3d

357, 371 (8th Cir.2002).  Determinations of whether conduct meets the reasonable person standard

are usually questions of fact, but may become questions of law if reasonable persons can draw only

one conclusion from the evidence.  Swarthout v. Mutual Service Life Ins. Co., 632 N.W.2d 741,

744-45 (Minn. App. 2001) (citation omitted).  In determining whether a reasonable person could

conclude that a defendant's conduct was highly offensive, "the court must give special regard to the

circumstances under which the alleged intrusion occurred, and the expectations that a reasonable

person would have under such circumstances."  Bauer v. Ford Motor Credit Co., 149 F.Supp.2d

1106, 1111 (D. Minn. 2001).

Here, Plaintiffs have pled all elements of the tort of intrusion upon seclusion.  Plaintiffs

allege that Davis and Stafford reentered their property after they were told to leave, and that Davis

shone a flashlight and peered into their garage.  Minnesota courts have held that a homeowner has

a reasonable expectation of privacy in his garage.  See Haase v. Commissioner of Public Safety, 679

N.W.2d 743, 746 (Minn. App. 2004).  Thus, Plaintiffs have alleged that Defendants intruded into

some matter into which they have a legitimate expectation of privacy, and the Court finds that a

reasonable jury could conclude that Defendants' conduct was highly offensive.  Viewing the

evidence in the light most favorable to the Plaintiffs, a jury could find that Defendants returned, after

dark, after being told to leave and that they "snuck" around the property and bypassed the front door

to avoid being noticed by Plaintiffs.  Defendants are not entitled to judgment on Plaintiffs' claim of

invasion of privacy as a matter of law, and their motion to dismiss this claim should be denied.

### F.    Plaintiffs Have Properly Pled a Claim for Assault

Defendants move to dismiss Plaintiffs' allegations of assault.  An assault is the unlawful

threat of bodily harm coupled with the present ability to carry out the threat, such that the plaintiff

has a reasonable apprehension of immediate bodily harm.  <u>Dahlin v. Fraser</u>, 288 N.W. 851, 852

(Minn.1939).  Defendants argue that Plaintiffs have produced no evidence of assault.  The Court

disagrees and finds that a reasonable jury could conclude that Defendants assaulted Plaintiff.

Plaintiff alleges that he was in his garage when he saw someone shine a light into his face through

the window.  Plaintiff testified in his Affidavit that he believed the perpetrator meant to enter his

garage and cause him bodily harm.  When viewed in the light most favorable, a jury may find that

Davis' conduct reasonably caused Plaintiff to apprehend immediate harm.    Accordingly,

Defendants' motion to dismiss Plaintiffs' assault claim should be denied.

### G.     Plaintiffs Do Not Claim Intentional Infliction of Emotional Distress

Lastly, Defendants argue they are entitled to summary judgment on Plaintiffs' claim of

intentional emotional distress.  Plaintiffs, however, have not pled the tort of intentional infliction of

emotional distress.  Instead, Plaintiffs merely allege emotional distress as an element of damages

for the alleged torts of assault and invasion of privacy, and the alleged violation under the Minnesota

UCC.

Emotional distress damages, though disfavored in the law, may be recovered when, as here,

"there has been a 'direct invasion of the plaintiff's rights such as that constituting slander, libel,

malicious prosecution, seduction, or other like willful, wanton, or malicious conduct.'" <u>Lickteig v.</u>

<u>Alderson, Ondov, Leonard & Sween, P.A.</u>, 556 N.W.2d 557, 560 (Minn. 1996).  Plaintiffs have

previously established that Defendants committed the alleged torts with willful indifference to the

Plaintiffs' rights.  <u>See</u> Order [#89] (granting Plaintiffs' motion to amend to add a claim for punitive

damages).   As such, Plaintiff can recover emotional distress damages if the evidence at trial

establishes that the torts were committed wilfully.  Defendant is not entitled to summary judgment

on the claim for emotional distress damages because Plaintiff has not alleged the independent tort of intentional infliction of emotional distress.

## III.  RECOMMENDATION

Based on the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1)  Plaintiffs' Motion for Partial Summary Judgment [#35] be **DENIED.**

2)  Defendants' Motion for Summary Judgment [#56] be **GRANTED in part** and **DENIED in part.**  To the extent Defendants move to dismiss Plaintiffs' claims under the FDCPA, the Motion should be granted.  In all other respects, the Motion should be denied.

DATED: February 22, 2006                    *s/ Franklin L. Noel*
                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 13, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **March 13, 2006,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.