## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT and KARLA OSBORNE, | Civil No. 04-1167 (JRT/FLN) |
| Plaintiffs, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| MINNESOTA RECOVERY BUREAU, INC., TODD DAVIS, and DREW STAFFORD, | |
| Defendants. | |

Thomas J. Lyons, Sr., **LYONS LAW FIRM, P.A.**, 342 East County Road D, Little Canada, MN 55117; Thomas J. Lyons, Jr., **CONSUMER JUSTICE CENTER**, 342 East County Road D, Little Canada, MN 55117; for plaintiffs.

Charles J. Noel and Jennifer L. Kjos Fackler, **CHARLES J. NOEL & ASSOCIATES**, P.A., 180 Grand Oak Office Center I, 860 Blue Gentian Road, Eagan, MN 55121, for defendants.

Plaintiffs Robert and Karla Osborne filed this lawsuit against Ford Motor Credit Corporation,[1] Minnesota Recovery Bureau, Todd Davis, and Drew Stafford, relating to defendants' failed attempt to repossess a Ford truck purchased by the Osbornes. Plaintiffs have alleged violations of the Fair Debt Collection Practices Act and the Minnesota Uniform Commercial Code, as well as intrusion upon seclusion and assault.

---

[1] This Court earlier dismissed with prejudice all claims in this matter against Ford Motor Credit Company. *See* Docket No. 69.

In a Report and Recommendation dated February 22, 2006, United States Magistrate Judge Franklin L. Noel recommended granting in part and denying in part Defendants' Motion for Summary Judgment.   Specifically, the Magistrate Judge recommended dismissing plaintiffs' Fair Debt Collection Practices Act claim but denying defendants' motion in all other respects.   Further, the Magistrate Judge recommended dismissing all counts against Davis and Stafford for insufficient service of process, and denying Plaintiffs' Motion for Partial Summary Judgment.

This matter is now before the Court on the Minnesota Recovery Bureau's objections to the Magistrate Judge's Report and Recommendation.[2]   The Minnesota Recovery Bureau asks this Court to grant it summary judgment on plaintiffs' claim under the Minnesota Uniform Commercial Code.   The Court conducted a *de novo* review of defendant's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). As explained below, the Court overrules defendant's objections, and adopts the report and recommendation of the Magistrate Judge.

---

[2] Plaintiffs did not file an objection, and the Court adopts the well reasoned Report and Recommendation in full.   The Court dismisses without prejudice claims against Davis and Stafford due to insufficient service of process.   *See* Fed. R. Civ. P. 12(b)(5).   The Court also dismisses plaintiffs' claim under the Fair Debt Collection Practices Act.   Plaintiffs were undisputedly in default on the truck loan.   Because defendants had a present right to possession of the truck at least up until the moment they returned to the Osborne residence, plaintiffs have failed to state a claim under the Act.   *See* 15 U.S.C. § 1692(f)(6) (prohibiting threats to take property if there is "no present right to possession of the property"); *Akerlund v. TCF Nat'l Bank of Minn.*, 2001 WL 1631440, *6 (D. Minn. June 11, 2001).   Finally, the Court denies plaintiffs' motion for partial summary judgment on their claim under the Minnesota Uniform Commercial Code because material facts remain in dispute.

## BACKGROUND

On June 7, 2003, Karla and Robert Osborne obtained a loan from Ford Motor Credit Company for a 2003 Ford F150 truck.  The loan was secured by a lien on the vehicle, with the first payment due on July 22, 2003.  Plaintiffs failed to make payments on the loan because Robert Osborne lost his job.  In response, Ford Motor Credit Company sent plaintiffs a Notice of Default and Intent to Repossess the truck on August 28, 2003.  Because plaintiffs failed to cure the default, Ford Motor Credit Company hired Minnesota Recovery Bureau to enforce its security interest in the truck through self-help repossession.  Minnesota Recovery Bureau assigned the duty of repossession to Todd Davis and Drew Stafford.

On October 19, 2003, at approximately 7:00 p.m., Davis and Stafford drove to the Osborne residence in an attempt to repossess the truck.  They spoke to Robert Osborne, who instructed the men to contact his lawyer.  Osborne provided his lawyer's name and phone number.  The parties dispute whether Robert Osborne expressly told them to leave the property, but it is undisputed that Davis and Stafford left at that time.

Davis and Stafford returned to the Osborne residence one hour after their initial visit.  Stafford waited in the vehicle while Davis approached the Osbornes' garage.  Davis professes that he returned only to locate the truck, not to effect self-help repossession.  As Davis pointed his flashlight into the garage window, the light made contact with Robert Osborne's face.  Believing Davis was a trespasser or burglar, Osborne opened the service door and tackled Davis.  Stafford called 911, and law enforcement officers arrived at the scene.  Karla Osborne witnessed one of the police

officers with his gun drawn, which she alleges caused her to fear for herself and her family.  After the incident, the truck remained on the Osbornes' property.

Karla Osborne alleges that two days later, Davis called her and threatened to press criminal charges against her husband unless the Osbornes released the truck to the Minnesota Recovery Bureau.  Minnesota Recovery Bureau representatives made four additional calls urging the Osbornes to return the truck.  Davis was ultimately charged with criminal trespassing, and he pled guilty to one count of petty misdemeanor trespass.

## ANALYSIS

### I.    Standard of Review

Summary judgment is appropriate where the moving party establishes that there is no genuine issue of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When considering a motion for summary judgment, the moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Vette Co. v. Aetna Cas. & Sur. Co.*, 612 F.2d 1076, 1077 (8th Cir.

1980).  However, the nonmoving party may not merely rest upon allegations or denials in
its pleadings, but it must set forth specific facts by affidavits or otherwise show that there
is a genuine issue for trial.  *Forrest v. Kraft Foods, Inc.*, 285 F.3d 688, 691 (8th Cir.
2002).


## II.   Minnesota Recovery Bureau's Objections To The Report And Recommendation

The Magistrate Judge concluded that the Minnesota Recovery Bureau is not
entitled to summary judgment on plaintiffs' claim under Article 9 of the Minnesota
Uniform Commercial Code.  Under this Article, a "secured party" may utilize self-help
repossession upon default only if it can be done "without breach of the peace."  Minn.
Stat. § 336.9-609(b)(2).  In its objection, defendant argues that it is entitled to summary
judgment because it is not a "secured party" and plaintiffs sustained no actual damages.

### A.   Secured Party Under Minn. Stat. § 336.9-609

Defendant relies on unpublished federal cases discussing whether plaintiffs are
permitted to sue repossession companies based on the remedies provided by the
Minnesota Uniform Commercial Code.  *See Saice v. MidAmerica Bank*, 1999 WL
33911356, *4 (D. Minn. Sept. 30, 1999); *Shelley v. Wells Fargo & Minn. Repossessors,
Inc.*, 1998 U.S. Dist. LEXIS 22580, *10 n.3 (D. Minn. July 2, 1998).  The Court is not
persuaded by these cases.

It is true that the Minnesota Recovery Bureau, as an independent contractor, does
not meet the definition of a "secured party" under Minnesota law.  *See* Minn. Stat. §

336.9-102(72).   However, Minnesota Recovery Bureau was operating on behalf of a secured party, Ford Motor Credit Company.   This Court holds that an independent contractor operating on behalf of a secured party may be liable under Minn. Stat. § 336.9-609(b)(2).   *See Akerlund v. TCF Nat'l Bank of Minn.*, 2001 WL 1631440, *4 (D. Minn. June 11, 2001) (following the *Oerhlein* decision); *Oehrlein v. Western Funding, Inc.*, 1999 U.S. Dist. LEXIS 17919 (D. Minn. Jan. 26, 1999) (citing an extensive number of cases in which independent agencies have been held liable under this provision of the Uniform Commercial Code).   This construction of section 336.9-609 is appropriate because "self-help repossession is a harsh remedy," and "strict application of the law is necessary to prevent abuse and to discourage illegal conduct."   *See Nichols v. Metropolitan Bank*, 435 N.W.2d 637, 641 (Minn. Ct. App. 1989).

## B.      Damages Under Minn. Stat. § 336.9-625

Minnesota Statute § 336.9-625(b) provides that "a person is liable for damages in the amount of any loss caused by a failure to comply with this article."   In its Objection, the Minnesota Recovery Bureau argues that emotional distress damages cannot support a cause of action under section 336.9, and even if emotional distress damages are available, plaintiffs have offered no evidence of these damages.

The Magistrate Judge concluded that the statute allows plaintiffs to recover for emotional distress damages because the statute's plain language allows recovery for "any loss." *See* Minn. Stat. § 336.9-625(b).   The Court agrees.   Plaintiffs have pled emotional distress damages as a result of the alleged violation of section 336.9-609, and therefore have stated a cause of action under the statute.

Defendant relies on cases dealing with the independent tort of emotional infliction of emotional stress to argue that plaintiffs must offer medical evidence of emotional distress damages.  Those cases are not relevant here.  Plaintiffs have alleged emotional distress damages, and whether plaintiffs can prove emotional distress damages is a matter for trial.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** defendant's objections [Docket No. 112] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 108].  Accordingly, **IT IS HEREBY ORDERED** that:

1.     Defendants' Motion for Summary Judgment [Docket No. 56] be **GRANTED in part** and **DENIED in part.**  Specifically, it is granted as to plaintiffs' claim under the Fair Debt Collection Practices Act and denied in all other respects.

2.     Plaintiffs' Motion for Partial Summary Judgment [Docket No. 35] is **DENIED**.


DATED:   May 12, 2006                          _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                    United States District Judge